UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY CARLOS ROGERS,

    Petitioner,

Case No. 2:07-CV-93

v.

HON. GORDON J. QUIST

BARRY DAVIS,

    Respondent.
                                        /

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on November 10, 2009. The Report and Recommendation was duly served on the parties. The Court has received objections from Petitioner. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court finds Petitioner's objections to be without merit.

### Petitioner's Objections

Petitioner objects to the Magistrate Judge's recommendation that his petition be denied because Petitioner cannot show ineffective assistance of trial counsel. Petitioner also objects to the denial of his ineffective assistance of appellate counsel claim, which arises from his appellate counsel's failure to raise the ineffective assistance of trial counsel claim.

In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1987), the Supreme Court set forth a two-prong test to determine whether counsel's assistance was so defective as to require

reversal of a conviction: (1) defendant must show that counsel's performance was deficient and (2) defendant must show that counsel's deficient performance was "so serious as to deprive the defendant of a fair trial." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Counsel enjoys a "strong presumption" that his conduct falls within the wide range of reasonable professional assistance. 466 U.S. at 689, 104 S. Ct. at 2065.

Petitioner claims that the affidavit used to obtain a search warrant for his residence contained knowingly false statements in violation of *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674 (1978), and that his trial counsel's failure to prove these false statements constituted ineffective assistance of counsel. Petitioner's reliance on *Franks* is misplaced. *Franks* requires an evidentiary hearing when allegations of deliberate falsehood in a search warrant's affidavit are accompanied by an offer of proof. *Franks*, 438 U.S. at 155-56, 98 S. Ct. at 2676. Here, Petitioner had an evidentiary hearing in the state court, and the state court denied Petitioner's motion to suppress due to the significant amount of detailed, reliable information in the affidavit, and whose veracity was not challenged. (*See, e.g.*, Pet'r Ex. A, at 64 ("There is just nothing there that would lead this Court to believe that Mr. Wiley wasn't there [referring to a visit to 1609 Comfort Street where a drug robbery and homicide occurred]."); *see also* Pet'r Ex. A, at 66 ("Wiley was told by Rogers that he shot Humphreys, the resident of 1609 Comfort Street . . . four, five times, Detective Jex points out that this was not information that was generally known to the public, not generally, certainly not generally known to Mr. Wiley, except on information received from Mr. Rogers.").) Therefore, even if Petitioner's counsel could have proven Petitioner's theory that the police provided Mr. Wiley the name of the victim and Petitioner's accomplice, the trial record shows there was still sufficient evidence in the affidavit to support the issuance of a search warrant. Accordingly, Petitioner has

failed to show that his trial counsel's performance was deficient for not prevailing on the motion to suppress.

Petitioner's ineffective assistance of appellate counsel claim derives from his trial counsel's conduct. Because the Court finds Petitioner received effective assistance of trial counsel, Petitioner fails to show a reasonable probability that, but for his appellate counsel's error, he would have prevailed on his appeal. *See Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746, 764 (2000). Thus, Petitioner fails to establish a claim of ineffective assistance of appellate counsel. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, particularly the state court's reliance on Mr. Wiley's detailed knowledge of the crime, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability.

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (docket #25) is adopted as the Opinion of this Court, and Petitioner's request for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus is **DENIED**, and a certificate of appealability is **DENIED**.

**This case is concluded.**

Dated: February 13, 2010 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE